FILED

03/03/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0463

DA 25-0463

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 43N

SHANAY LEE DARRAH, On behalf of
Minor Children, J. H. and A. H.,

      Petitioner and Appellee,

  v.

ADAM KADRY HAGGAG,

      Respondent and Appellant.

APPEAL FROM:   District Court of the Seventeenth Judicial District,
In and For the County of Phillips, Cause No. DR-2024-037
Honorable Yvonne Laird, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Adam Haggag, Self-Represented, Mandan, North Dakota

      For Appellee:

          Jeremy S. Yellin, Attorney at Law, Havre, Montana

Submitted on Briefs:  February 11, 2026

Decided:  March 3, 3036

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Adam Kadry Haggag (Haggag) appeals from a permanent order of protection restraining him from his children, A.H. and J.H., which was entered in the Seventeenth Judicial District Court, Phillips County, on June 5, 2025. The District Court held that the order of protection would remain permanent until each minor child reached their eighteenth birthday. The order incorporated a prior order entered in Cause No. DR-2021-013, Seventeenth Judicial District Court, Phillips County, on June 28, 2022, which permanently restrained Haggag from Shanah Lee Darrah (Darrah) and restrained Haggag from A.H. and J.H. until October 31, 2022, to allow time for Haggag to pursue a parenting plan modification and comply with recommendations designed to improve his parenting. After careful review of the record, we affirm the permanent order of protection for A.H. and J.H.

¶3 Darrah and Haggag had their marriage dissolved in North Dakota on April 29, 2021. They are the biological parents of A.H. and J.H. A parenting plan providing that Darrah was the primary caregiver and Haggag had alternating weekend visitation was issued by the South Central Judicial District Court, Burleigh County, in North Dakota.

¶4 On June 29, 2021, following a hearing, the District Court issued an order of protection in Cause No. DR-2021-013, Seventeenth Judicial District Court, Phillips

2

County, restraining Haggag from Darrah, A.H. and J.H. for one year. Both Haggag and Darrah appeared for the hearing without counsel. The court outlined conditions that if met would allow Haggag to request the order of protection be modified to allow him contact with A.H. and J.H. Those conditions included Haggag completing a Mental Health/Domestic Violence evaluation and complying with any recommendations, and completing 60 hours of parenting classes.

¶5 In January of 2022, Haggag requested the court terminate the order of protection to allow him contact with A.H. and J.H. asserting that he had satisfied the court's conditions. Darrah filed a motion that there was no proof of compliance with the court's conditions and that, further, Haggag had violated the order of protection which resulted in charges being filed in North Dakota. She sought to renew the order of protection. The court held a hearing on March 14, 2022, which was set over and concluded on April 26, 2022. Both parties were represented by counsel.

¶6 On June 28, 2022, the District Court issued a permanent order of protection restraining Haggag from having contact with Darrah and a temporary order of protection restraining Haggag from having contact with A.H. and J.H. until October 31, 2022, at which time the order pertaining to A.H. and J.H. would dissolve. If the order dissolved on October 31, 2022, the court held that the parenting plan established in North Dakota or other competent jurisdiction would control Haggag's parenting time with A.H. and J.H. The District Court found the evidence showed Haggag had not been forthcoming with information to the Mental Health/Domestic Violence evaluator and that the chemical dependency evaluator did not gather any "collateral information of any kind regarding

3

Adam's actual substance use or attempt to verify Adam's self-reported use in any manner." The court also found that Haggag had repeatedly used text messages and social media in violation of the order, minimized his actions, and deflected blame to Darrah. The court determined that Haggag's testimony was self-serving and that he was minimizing his bad behavior. The court found credible Darrah's concerns regarding her and the children's safety, and that J.H. had "certainly witnessed and was adversely affected by the abusive conduct of Adam." Importantly, the District Court recognized that while it was unlikely that Haggag would change his "manipulative behavior, recognize his errors, and accept responsibility for his behaviors," A.H. and J.H. "are very young and do have constitutional rights to a parent child relationship with Adam if it can be developed in a positive manner." The court explained that "this is not a parenting plan proceeding" but added the Legislature has "adopted statutes to promote the safety and protection of all victims of partner or family member assault, victims of sexual assault, and victims of stalking." The court recognized that parenting proceedings are designed to ensure the best interests of the children are met and that both parents and children have constitutionally protected rights. Thus, the court extended the order of protection restraining Haggag from the children until October 31, 2022, to allow Haggag to seek modification of the parenting plan in North Dakota and to further improve his parenting skills.

¶7     By its terms, the June 28, 2022 order of protection dissolved on October 31, 2022, and Haggag began having contact with A.H. and J.H.

¶8     On October 4, 2024, Darrah filed a Petition for Temporary Order of Protection and Request for Hearing (Petition), which began the instant proceeding. Darrah requested

4

Haggag be restrained from having contact with A.H. and J.H. because she alleged Haggag had sexually assaulted A.H. by digitally penetrating her anus. The District Court issued a temporary order of protection the same day and conducted a hearing on April 14 and 18, 2025. Darrah was represented by counsel and Haggag appeared pro se.

¶9 Lona Darrah testified that she had driven to the Phillips County Courthouse to facilitate the pickup of A.H. and J. H. on September 22, 2024. The exchange was following a weekend the children spent with Haggag. The District Court found that while on the drive home from the courthouse A.H. had told her grandmother, Lona Darrah, that her bottom hurt because her father puts his finger in her bottom. Lona Darrah testified that after visitation started with Haggag in 2023, A.H. began displaying sexualized behavior towards men, specifically towards her grandfather, and that she had walked in on A.H. masturbating. A.H. was four years old. The District Court found Lona Darrah's testimony credible.

¶10 On September 24, 2024, Theresa Ohl, a Family Nurse Practitioner at Phillips County Hospital saw A.H. regarding the alleged assault. Ms. Ohl testified that A.H. indicated her bottom hurt because her father touched her there. A.H. was speaking in a baby voice which Darrah indicated was not common for her. Ms. Ohl recommended A.H. be seen by a pediatric SANE nurse for an examination but Darrah declined due to the invasive nature of the exam and the unlikelihood of any evidence being collected. The District Court found Ms. Ohl's testimony credible.

¶11 Dr. Paula Epperson, a psychologist, testified that she had been treating A.H. since October 2024 for trauma associated with suspected sexual abuse by Haggag. Dr. Epperson

5

testified that she was told A.H. was masturbating, had become fearful of the dark, fearful of men, and had started wetting the bed and having accidents during the day. She observed A.H. in play therapy wiggle her hips around inappropriately, but A.H. has since discontinued this behavior. She recommended against contact with Haggag at this time. The District Court found Dr. Epperson's testimony credible.

¶12 Sheriff Jerry Lytle of Phillips County testified he observed the forensic interviews of A.H. and that she disclosed that her father put his finger in her anus. A.H. disclosed that the incident happened at the Edgewater Hotel by the pool area in a room. Sheriff Lytle said he forwarded his investigative file to the County Attorney's Office but no charges were filed. The District Court found Sheriff Lytle's testimony credible.

¶13 Misty Anderson, Head Start site-coordinator, testified that A.H. had been in Head Start for two years. Ms. Anderson testified that A.H. had been coming in with stomach complaints every day but that the complaints were becoming less frequent. Ms. Anderson testified that the only time A.H. mentioned her dad was on April 1, 2025, when she said she would like her dad dead. Ms. Anderson had not previously heard a child of A.H.'s age express a wish that a parent be dead. The District Court found Ms. Anderson's testimony credible.

¶14 Darrah testified that A.H. was adamant and clear that her bottom hurt because Haggag put his finger in her anus. Darrah also has concerns for J.H. because J.H. was present when the abuse was perpetrated on A.H. Darrah testified about A.H.'s sexualized behaviors having begun when visitation with Haggag resumed in 2023. Consistent with other witnesses, Darrah testified that the behaviors continued through September 2024 until

the Temporary Order of Protection was issued by the court and visitation with Haggag stopped.

¶15 Kadry Haggag, Adam Haggag's father, testified that he had observed Haggag parent A.H. and J.H via Zoom and was impressed with Haggag's parenting. The District Court observed, however, that Kadry Haggag had only seen J. H. in person one time and that was four years ago. The District Court noted Haggag's other witness, Destiny Drew, was credible. Ms. Drew said she does not have any concerns with Haggag being around her children.

¶16 The District Court issued a written order on June 5, 2025. It concluded that based on the record, the evidence produced at the hearing, and the earlier proceedings in DR-2021-13, Haggag should be permanently restrained from contact with A.H. and J.H. until each reached their eighteenth birthday. It noted that there was an existing parenting plan in North Dakota and that two counts of felony stalking and three counts of misdemeanor violation of an order of protection were pending in North Dakota.

¶17 This Court will not overturn a district court's decision to continue, amend, or make permanent an order of protection absent an abuse of discretion. *Boushie v. Windsor*, 2014 MT 153, ¶ 8, 375 Mont. 301, 328 P.3d 631. An abuse of discretion occurs when the court acts arbitrarily, without the employment of conscientious judgment, or exceeds the bounds of reason and results in a substantial injustice. *Boushie*, ¶ 8.

¶18 Here, our review of the record convinces us that the District Court did not abuse its discretion when concluding that Haggag's history of violence, the severity of the offense at issue, and the evidence presented at the hearing warranted issuing a permanent order of

7

protection to avoid further injury or harm to A.H. and J.H.  It was the District Court's role to assess and weigh the credibility of the witnesses, and we will not disturb those credibility determinations.  The district court was very familiar with the parties, their history, and Haggag's conduct.  Haggag has not demonstrated that the court acted arbitrarily, did not employ conscientious judgment, or exceeded the bounds of reason which resulted in a substantial injustice.  Haggag was given several opportunities to improve his parenting skills and the court carefully navigated the order of protection proceeding, noting that a parenting plan proceeding is the most appropriate forum to pursue the best interest of the children.  However, at the same time the District Court recognized the Legislature's policy of protecting victims of partner or family member abuse, which, it noted, included minor child victims.

¶19    Although we find no abuse of discretion in issuing the order of protection, we would encourage the District Court to review a future request Haggag might make to terminate the order of protection and reestablish a parental-child relationship should Haggag present sufficient evidence in the District Court's opinion that the relationship would be in the children's best interest.  Based on our review of the record we believe it unlikely but, nonetheless, this permanent order of protection effectively terminated a parental relationship and, as the District Court recognized, parenting plan proceedings are more appropriate forums for courts to make decisions that are in the best interests of the children.  With that caveat, the District Court's permanent order of protection for A.H. and J.H., until each reaches their eighteenth birthday, is affirmed.

¶20 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶21 Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ CORY J. SWANSON
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE